okay before we start the clocks or anything that I counsel advised that there's two counsel for mr. Gonzales mr. Carter and mr. Jones and that you wish to split your time equally yes your honor all right but then if you each take 10 minutes you have no time for rebuttal so how do you want to handle rebuttal what we were hoping to do is take eight minutes a piece I don't know if that gives us a whole lot of time to do much but well it's the time you have so it's so do you want to try to reserve some is one of you going to do rebuttal or or both of you trying to do rebuttal since well that's a good question we're both going to try to do rebuttal since there we see these as there's really different issues so all right just so that all right with it you want to split your time equally yes we do and so in an ideal world you would like to stop at eight and you would like to stop at eight and reserve four minutes for rebuttal and decide that all right what I will do is if we're asking questions of you because we feel like we need to spend the time you know I will aspirationally go for eight minutes but if we still have questions and we want to ask them of you answer them then I will give you at least eight minutes so you don't need to sit over there waving at me like he's taking all of my time and so because we've decided to go forward on that all right but it might affect what's left on rebuttal at the end but you will get at least eight minutes okay we appreciate that and I were I'm sensitive to that I've been in that situation where I was the second up so I right and I've seen people look very distressed as they're because lawyers don't tell time very well you know that's that and maybe judges can be said to do the same thing guilty as charged your honor all right go ahead then if you would state your appearance and we'll proceed yes your honor my name is Randall Jones if may it please the and mr. carter and I represent Tom Gonzalez on these combined appeals as you've indicated I'm going to be handling the the Wells Fargo motion to dismiss the order of granting the Wells Fargo motion to dismiss and the order of granting the motion for summary judgment for strategic specialty financing and because of the shortness of time I'm going to do my best to jump right to what we believe to be sort of the the question that is really whether or not in granting these summary judgments the court ignored what we believe should have been the imposition of it of an equitable lien with respect to this transfer fee that's a subject to the case or well my understanding on the summary judgment part of it though that you're objecting that you're saying that you requested leave to amend to add allegations regarding the shotgun transfers and that in the district court had pleadings before it and it changed the pleadings and resolved of it and resolved it at that point and you're sort of claiming that you needed more time to respond to it and but what else could you if the equitable lien is a matter of law what else could you have shown well judge that's that's an interesting legal question and certainly we did not have the time allowed under the rules to to even file an opposition and we were not allowed to file an opposition and the judge did rule sui sponte on the motion for summary judgment but but I understand the counter argument that what's the difference how did it harm you well the difference certainly is the standard if nothing else a summary judgment as we all know is certainly a different standard than a standard we have in a motion to dismiss and if we had a plausible claim since the the case we had different defendants at that point in time specialty was a different party than Wells Fargo and I I understand their argument but it didn't matter who the defendant was if the law applied the same way just let it all rise and fall under the equitable lien arguably it did but here's and if it's a legal matter and you're going back to the you know it's the plain language of the settlement then what else could you have shown and and that's where we think the real difference lies judge the the the with respect to a summary judgment and there's this is actually a part of the pleadings although it's it's not a whole lot of the pleadings because or excuse me the record is because we didn't get to do that discovery but if you look at I think it's a record at 86 page 86 it's the case management report where we talk about we want to do discovery there was a letter dated December 16th of 2009 where counsel for the the desert entities referred to the lien my clients interest as a lien and asked for a subordination agreement to be signed this is in 2009 years after this process is over but that never happened that's that's it didn't ever happen because my client refused to sign the subordination agreement that's the point so there's facts out there that the court did not take into consideration which would have gone to this issue of whether or not there was an equitable lien and if you look at we all know that how if there is no sign subordination agreement and that's basically undisputed how would that factor into the issue of equitable lien all right so it so we know from the stratosphere case the Ninth Circuit has recognized equitable liens and we know in particular actually that the Ninth Circuit has recognized that Nevada recognizes equitable liens and it in the Ninth Circuit tells us quoting the Topaz case the Nevada Supreme Court case that equitable liens require two things they require some of the that the lien be connected to some res some property so in this case it's it's irrefutable that this transfer fee which is the issue we're talking about in this case the transfer fee is connected to the property this this transfer fee came about as a result of this bankruptcy where my client gave up 41 million dollars and more in secured interest in the property the subject property and was essentially required to take this 10 million dollars for the 41 million dollars in deeds of trust right and and refused to accept a subordination of that transfer fee so we know the transfer fee is connected to the property satisfying the first part of the Topaz and stratosphere cases and the second part is some expression some indication is actually the word used but the fact that he refused to accept a subordination that doesn't necessarily give him priority either does it it certainly doesn't judge but that's the point it's a summary judgment it's a summary judgment where the intent of the parties is a factual question as we all know how do you determine the intent of a party without listening to the evidence and we do have some basis some as under under Iqbal we have some pliable argument here of a of a of an understanding of the intent of the parties and I'm just wondering if how do you get past you know and I'm just asking this question openly to to get your response how if you have the agreement and the agreement isn't ambiguous how do you and and so then how do you get into all this other evidence if the language is plain in the agreement well first of all I don't know that the language is plain in the agreement because the language that the defend that the respondents rely upon and they harp on it and I wouldn't blame them if I was them I would do the same they talk about the language in the transfer fee saying it's the transfer fee shall not constitute a mortgage deed of trust or other lien on parcel a that's a legal lien that is a legal lien and actually ironically the judge in the lower court judge Jones has found the existence of equitable liens under Nevada law and he said he told us an equitable lien this is a heart versus heart and equitably is the right not recognized at law to have a fund of specific money or its proceeds applied to the payment of a debt that's precisely what happened here judge Jones goes on to say an equitable lien may also be created by a judicial decree substance must prevail over form therefore if a transaction resolves itself into a security whatever its form or the name given it by the parties it is an equitable lien so we have a reference here in the document that says you don't have a legal lien but if you look at the totality of the circumstances and the intent of the parties clearly my client's intent was to refuse to subordinate that transfer fee and the ninth circuit in the back the appellate court the bankruptcy appellate court agreed and said we are striking that provision and your honor why would you have a subordination what is the intent what is the purpose of the subordination it is to say your your debt is subordinated that money owed you is subordinated to somebody else my client and said no and the court upheld his refusal and more importantly but it's still but it doesn't flow from that that if you don't have a subordination that you necessarily have priority over Wells Fargo and specialty well then when you add to the fact to that fact judge that there was a specific provision in the agreement it's in actually the order of the bankruptcy order from judge jones that's under subsection g a memorandum will be recorded in the office of the county recorder of clark county to give notice of gonzalez's right to the parcel a transfer fee and that that right of the parcel a transfer fee will be subordinate to the parcel a permitted financing which may encumber all or portions of parcel a in other words and that's the you're at you've used eight minutes do any of my colleagues they don't have any questions so if you want to save two sure then save your two now i would just simply say as finishing that thought why do you have a recordation of the subordination agreement that was ultimately stricken to give notice to creditors about my client's rights in this fee if that was not the intent of the parties that my client's right were superior to those permitted finance thank you please the court my name is matthew carter i'm also counsel for tom gonzalez to the extent it's possible i'd like to reserve two minutes for a rebuttal as well the appeal that i'm handling for you today is the 2013 appeal that involves two primary issues one is the counter motion for summary judgment that was granted against my client on all of his claims the second one is our motion for preliminary injunction that i'd like to go to the summary judgment motion first and there were two primary arguments on that the first one is one that judge callahan mentioned earlier which is the idea that the evidence regarding the shotgun transfers in wayne perry simply was not considered by the district court and that bears repeating that it wasn't brought up in the order that the evidence was there and he declined to to discuss it for some reason it just wasn't there and we even filed a motion for reconsideration that said excuse us your honor you overlooked this evidence about these shotgun loans and equity investments in the property which is about 42 million dollars you overlooked this we were talking about whether there was a parcel a transfer and he simply said we decline the court declines to reconsider or clarify and didn't give us any more guidance on well so does it but just if it was in the record just because the court doesn't mention it you know we don't mention everything so so but you're saying because it's not mentioned it means it wasn't considered uh well correct your honor to yes to to to a large extent obviously the court doesn't have to mention every piece of evidence in the record when it makes a decision that that would be a standard that would be very difficult for anybody to meet but a large portion of the motion that we had put forward was on this very significant theory which by the way had just sort of developed as the litigation happened and was a significant part of the briefing on this and incidentally what was discussed in the order was the FLT option argument which we'll get to in a moment but that was discussed and that was ruled against us on that but this was an entirely separate theory of the case which it was undisputed as well there was no dispute as to the facts that these shotgun transfers had taken place there was no dispute as to the amount there's no dispute as anything except for their contention that it simply wasn't brought up in the complaint and therefore it can't be considered by by the district court well so is it I mean apparently judge Jones was the bankruptcy judge and then later came back as the district judge so he has a lot of history with these parties is is it is it your sort of contention that he knew a whole lot about it and he just kind of had had enough already about this and thought that he knew everything about it and but he didn't cross every T and dot every I you know I'm not certain what judge Jones did I think there's no disputing that he had a lot of knowledge about this particular case that knowledge didn't extend to the Wayne Perry transfers because we just learned about these in in May of 2012 so this doesn't go back to the original bankruptcy this is a relatively recent development in the life of these cases that Wayne Perry came up so I don't know that judge Jones is history with the case necessarily came in here it's possible that he simply didn't look at or didn't see I suppose but even if he didn't see it he didn't take into account all of the evidence that was submitted on the rule 56 motion and this is a pretty substantial part of rule 56 jurisprudence we cited right Miller in our brief section 2721 which says on a rule 56 motion the district court has to take account of all the evidence that's before it on the case that and also and even though it's a rule 11 case the Supreme Court case of Cooter and Gell versus Hartmax where the Supreme Court said it is an abuse of discretion when the district necessarily an abuse of discretion when the district court fails to take account of the entire record before it and again we're on de novo review here this isn't even abuse of discretion so I think it's pretty clear that when you look at those cases in that authority in that light the district court needed to consider this evidence and the only argument that was given against it by the way none of it was disputed the only argument was it wasn't in your original complaint it was filed in January 2011 therefore can't be in the case obviously we filed the complaint more than a year before we found out about these transfers but we did make a motion to amend it was in the it was in the pleadings for the motion for summary judgment the reason it wasn't a separate motion by the way is we didn't even learn about these transfers until after the deadline had passed to file a motion to amend those are the shotgun transfers those are the shotgun transfers yes your honor so we did ask for leave to amend we briefed this issue for the district court and by the way the district court didn't rule on our motion to amend even when we said in reconsideration this is something else the court overlooked the court simply declined to reconsider so we feel that that for this for that reason this needs to be reversed in the district court needs to take a look at that now the second thing and I think another issue in a different way is the FLT transfer option or the FLT option on the motion for summary judgment this was an option to purchase more property that could then be added to parcel a now it was originally back before the 2003 bankruptcy it had been assigned to my client as a creditor security for the loan when the bankruptcy hit it was sort of a composite deal that desert land would get the parcel a they get the FLT option to in case they wanted to assert the FLT option add to parcel a that would be considered to what the court's order defined as parcel a now your client still has some interest in other property as a result of this settlement agreement correct correct correct my my client also got some interest in there was an LLC that my client got some interest in there were some leases that have been assigned there were there were other things that's correct your honor so with the the issue with the FLT option then was the the record and it's AER 549 to 550 it's a letter from Mr. Schwartzer actually where he talks about a sister entity to desert land desert oasis investments needed to do a 1031 exchange needed some property to defer taxable gain on sale of another piece of property they couldn't split up parcel a because if they give a part of parcel a to any other entity the fee would have been fee would have been triggered they would vote my client 10 million dollars so what they did was they signed the FLT option they said well we're not assigning the property we're just assigning the option but the issue here is that the option itself is an interest in real property and we cited that in our brief that is I believe in rear Ametco which is a ninth circuit case also Hunter V. Sutton is the Nevada court case there's an option to purchase real property is an interest in real property that can be enforced with specific performance therefore we think not only should the the decision against us on the counter motion be reversed but also the district court should be instructed to grant summary judgment in favor of us because there's no dispute that any of this happened and the FLT option was clearly an interest in parcel a that was that was transferred I want to go very quickly again to the preliminary injunction only to say that the district court denied the preliminary injunction on the basis that there was no irreparable injury that we had no interest in real property however if you look at the Save Our Summers and the Shoshone cases that we cited in our brief there is irreparable injury if we're not going to be able to recover on a judgment that we would get and that's the problem is the constant financing on this property and investment in this property is draining the equity which presents a real problem that when we get all done with this assuming my client wins he may not be able to recover the $10 million transfer fee because the equity could all be gone on deeds of trust including the bankruptcy your honor probably 12 years now okay well right now we're down to you still have two minutes left you have a minute and a half but I'll give you each two minutes if if you sit down now thank you thank you or you can use that one of you can use four if you want all right before we start the clock here you want to divide your time equally your honor I'll take eight minutes okay and you'll give him 12 and he'll take 12 actually he'll probably take 8 if there's any questions you have for me I can come back up you have to use all the time yeah so okay brevity is no sign of weakness counsel I understand good morning your honors I'm Doug Gerrard and I represent Wells Fargo Bank and also Shotgun as Shotgun Creek is a successor and interest especially financial may it please the court the issue in this case really what it boils down to in the first case is whether there's an equitable lien or not and that is controlled entirely by state law and the state law that controls that issue is the union industrial indemnity case what troubles me here is it does seem the district court didn't provide any advanced notice before converting Wells Fargo's motion to dismiss to a motion for summary judgment and before addressing specialties motion for summary judgment at the hearing and so I and they aren't they aren't the same standards so I'm wondering you know even if the result would have been the same at the end didn't didn't the district court just jump the gun a little bit having had enough of everyone and knowing that there was probably nothing that they could ever do in in the district courts mind nothing that could ever be said that would change his mind but he probably should have waited well it's a good question your honor I think that in this case there had been a long gap of time between these two matters of litigation it wasn't that this judge had had this matter continuously and was trying to jump the gun what really happened is that this matter was originally in state court it got removed to bankruptcy court and we filed the motion for summary judgment and the motion to dismiss in the bankruptcy court it had been pending for many months before the matter was then removed to Federal District Court so to suggest that it hadn't been out there for a long time is disingenuous but once it got to Judge Jones and the and the reference was withdrawn at that point in time the motion to dismiss was based upon the exact same legal argument that the motion for summary judgment was based upon and we filed the motion to dismiss alternatively as a motion for summary judgment we we cited both standards in the motion and said if you think that we can't do this as a motion to dismiss because the documents that we're relying upon are not judicially noticeable then we then we're saying convert it to a motion for summary judgment and the judge did that on the motion to dismiss and then he said because it's the exact same legal issue there's no reason for me to have you all come back and have a hearing on this motion that's already pending and he actually told counsel because it's the same legal issue I'm deciding it now if you want to file a motion to amend and you can explain how you're going to be able to state any other facts or anything else that's going to change the legal conclusion in this case then that's fine I'll consider it but they never filed anything so yes well I heard him say that the motion to amend was never ruled on well that's just his that's just his opinion that's not what the record shows the record demonstrates and I cited to it right in our reply brief I'm excuse me our answering brief where Judge Jones on the records stated that if you want to file a motion to amend go ahead and file it it's just you're going to have to tell me something different than what's already been presented to me to be decided didn't he go right on and rule I'm sorry did he go right on and rule right after he said you could file a motion to amend well yes he actually filed he actually made his ruling and then he told them that if they wanted to amend that they could if they wanted to you know bring up something different and I also would point out that with respect to that issue there's no there's no question but that nothing was ever done after that and at the time that that was brought up they didn't object in other words at the time the judge said I'm going to decide the motion for summary judgment right now as well they didn't at that time object and say you can't do this your honor because we haven't had an opportunity to file you know an answer answering brief on the summary judgment issue they didn't know what so the district court didn't know what they would want to add well he asked him what can you add that would be any different and Mr. Jones didn't have anything to say so I don't really know what more Mr. Jones didn't have any Mr. Jones the attorney did Jones the attorney didn't have anything to say yes to judge okay correct sorry so I think if we focus on the actual agreement that existed the settlement agreement we have to keep in mind that that's an express contract and that the only thing that was changed in that express agreement by the BAP decision was the removal of one clause and what was not removed was the sentence that says and I quote the parcel a transfer fee shall be evidenced by the parcel a memorandum which shall not however constitute a mortgage deed of trust or other lien in parcel a that was that language remained not only in the settlement agreement which was subsequently confirmed by the BAP and confirmed by the Ninth Circuit but it also remained in the reorganization plan and we've heard a lot about the fact that this is the only sentence that talks about this and that's nonsense if you read the agreement itself there's nothing inconsistent in the settlement agreement in the confirmation order or in the reorganization plan or the BAP decision or the Ninth Circuit decision that is inconsistent with the fact that the transfer fee was not an interest in real property and not a real property lien I think that counsel for appellants I understood to say that they that they need to be able to go into what the intent of the parties was and which you know I don't and I said well if it's not ambiguous how do you get there but I'm assuming what they would say is we don't we think it's ambiguous and therefore we should be able to go into that and that would come to a different result if that's what I understood them to say that's what I understood them to say as well your honor but the answer to your question that you posed before is you can't go anywhere else because under the union indemnity case and under parole evidence rule and under the integration because the integration clause in the contract you've got the same problem which is to find an equitable lien from an express contract under Nevada law the expression of the intent must be stated in the agreement and it's not there's nowhere in that settlement agreement where there's any expressed intent to create a lien against parcel A for this personal property transfer right it just doesn't exist so the fact that they want to say that we want to go and try to find some parole evidence you can't go there not only because of the parole evidence rule as your honor mentioned but because you can't look beyond the contract to find an equitable lien under Nevada law it has to be expressed in the contract in other words you can't try to find something some other evidence parole evidence to interpolate into the contract what's not already there and that's Nevada law and it's very clear law and that's why Judge Jones ruled in the manner that he did and so the I think that the point is that under existing Nevada law there's no way that they can look for outside evidence when the contract pursuant to which this agreement would have to arise does not clearly express an intent to create a lien and in fact it's not just that it goes the opposite direction right because it says no other lien other lien it doesn't say legal lien you know any kind of lien it it it's refers to any kind of lien so I don't think there's really anything else to go into I mean there's there's plenty more things to talk about but that's really what the case boils down to and there's nothing under Nevada law that supports their position that's why the judge ruled the manner that he did and because he couldn't see any way that they could amend that would change any of that because of the contract. I'll wrap it up you're going into his time. I'm sorry I'll move on then. Thank you. Thanks. Thank you, Your Honors. My name is Leonard Schwartzer. I represent Desert Land and Desert Oasis Apartments, LLC. As you may have noted, there's a footnote there that Desert Oasis Investments no longer exists. It's been merged into Desert Land. I'm going to deal with the issues raised in the second appeal that the 2013 partial summary judgment ordered that Judge Jones. You're going to have to keep your voice up. I'm sorry. I'm going to deal with the second appeal, the one that's based from the Judge Jones' second partial summary judgment order that was issued in 2013. The main thrust of the case that remained after the first part was gone was the issues raised in the complaint that said because there was an option to purchase adjacent land to parcel A that was mentioned in the settlement and in the confirmation order that the transfer of that option to purchase was a parcel A transfer. But that is contrary to the language that was in the settlement agreement and the plan and the order. The whole purpose of the settlement agreement to clear everything up so that there wouldn't be liens on it? Yes. Absolutely. Going back to 2003, the parties owned parcels A, B, C, D, and maybe E. Under the settlement they reached and under the settlement that was approved by the Court and part of the plan, parcel A went to Desert Land and Desert Oasis Apartments. Parcels B, C, and D were owned by a company called New World, and Mr. Gonzales got 100 percent ownership of New World, which owned parcels B, C, and D. In addition, there was an agreement that Mr. Gonzales would get a parcel A transfer fee when and if parcel A was transferred or sold for money to someone else. Adjacent to parcel A, with frontage on Las Vegas Boulevard, is what's called the FTL parcel. In 2003, Desert Land had an option to purchase that property. Therefore, when in the settlement agreement, we describe parcel A as the parcel A, the property owned by Desert Land and Desert Oasis Apartments, and at such time as the FTL option is exercised, then that FTL parcel would become part of parcel A. In order to pay the $20 million to purchase the FTL parcel, to exercise the option, they couldn't do it through the entities that had been in Chapter 11 because financing wasn't available. So what they did is they transferred the option to purchase the FTL parcel to Desert Oasis Investments, a company that is wholly owned by the exact same people who own Desert Land. They exercised the option, spent the $20 million, got a $20 million loan on that property. Since that time, they've now merged Desert Oasis Investments into Desert Land, so it's the same company. The argument that was made that when this option was transferred and exercised in 2005, that was a parcel A transfer. That was a trigger for him to get, for Mr. Gonzales to get $10 million. And Desert Land's position is that it was not, because the very specific language in the agreement didn't describe the option as part of parcel A and did not say that transferring the option was a parcel A transfer. It said only if you transferred property owned by the debtors was it a parcel A transfer. And, therefore, there was – and that is how Judge Jones interpreted it and reached the conclusion because that's what the documents say. So as a practical matter, if it had been a – if it had triggered the transfer, would the $10 million come out of the $20 million loan? No, it couldn't because the $20 million was the purchase price under the option. Okay. I mean, Desert Land didn't get any money. Desert Oasis Investments didn't get any money out of the $20 million. The $20 million was the option price. Okay. So – and if you notice – So where would the $10 million have come from at that point? Where would the $10 million have come from at that point? This was structured so the $10 million parcel A transfer fee was not due. That's the whole point. Point. They understood. And if you look back to the original settlement, you'll see there's a thing about permitted financing. And if they had exercised the option inside Desert Land and gotten a $20 million loan, that is part of the $25 million permitted financing that was always allowed to happen without triggering a payment to Mr. Gonzalez. The only difference is, as a practical matter, when you want to borrow money from a bank and you just came out of Chapter 11, they say no. So you use Desert Oasis Investments, a company owned by the exact same people, to borrow the $20 million to exercise the option on the FTL parcel. That was – that was how this was structured. And it was structured specifically in a way to not create a transfer of the property. In other words, if they had bought the property, exercised the option under Desert Land and transferred it to a third party, that could have been a parcel A transfer triggering the payment. But it wasn't done that way. It was done the other way not to trigger it. On the other hand ---- Kagan, what's your understanding of Mr. Gonzalez's argument that he never agreed to a subrogation? What's your understanding of what does that mean? My understanding is that he never agreed – well, first of all, he did agree to $25 million of permitted financing. That's what he did agree to, and that's part of the agreement. The issue is, did he agree to subordinate to additional financing? And the answer is, the BAP opinion affirmed by this court of appeals says no, he did not agree to subordinate to anything else. But subordination can be subordination to unsecured debt. You can have senior debt and junior debt that has nothing to do with a security interest. I could agree to borrow – it's very typical in a bank loan for the bank to say we'll loan you $100,000, but the shareholder loans are subordinated. It doesn't mean the shareholder loans are secured loans. It doesn't mean that the bank loan is a secured loan. It just means that you agree if there's a problem, we get paid first, you get paid second. Mr. Gonzalez won that argument. He has not agreed to subordinate to additional financing beyond the $25 million. That doesn't mean he has priority over any of the other debt. And is that – that's what I was asking. That doesn't – that agreement not to subordinate doesn't give priority. Doesn't give him priority, and it doesn't give him a security interest. It just means he's not agreeing that somebody else gets paid first. And I can't disagree with that at this point, Your Honor. Okay. I do want to point out one thing, and I realize I'm really close on my time. Actually, two things. One is you should be aware we're dealing with partial summary judgment again. Mr. Gonzalez's claim that the shotgun transactions that occurred in 2012, seven years after the FTL partial transaction, and a year and a half after the filing of his complaint are now the subject of a supplemental complaint in front of Judge Jones. So they didn't disappear. They're still there. We're going to have to litigate that. As a matter of fact, I think our deadline for discovery ends May 4th with regard to that part of the complaint. So Judge Jones didn't mention the 2012 transactions. I wish he did. I wish he said, I'm not going to consider that because it's nowhere near in the complaint and we've just had 18 months of litigation where you never mention it. And the first time it's mentioned is in one paragraph out of the 10 pages in the motion for summary judgment that Mr. Gonzalez filed. And I responded by saying, it's not part of this litigation. He never mentioned it up until now. Now, I'm not saying they didn't discover it. They discovered it. They couldn't discover it when they filed the complaint, obviously, because the complaint was filed in January 2011. These are transactions that occurred in 2012 and later. So the fact that he didn't mention it, what's the impact of that? Well, the fact is, nobody did any discovery. I wasn't doing discovery with regard to that. I wasn't preparing for litigation about 2012 transactions because the complaint was about a 2005 FTL option exercise. It's like saying, I had an order to be sued for an automobile accident in 2005, and when I filed summary judgment saying I wasn't negligent, they say, oh, by the way, you hit us again in 2012. That's not part of the case. It shouldn't have been part of the case. I think Judge Jones rightly ignored that, that when we got to partial summary judgment on that issue. On the other hand, I think that's, you know, it's not like it disappeared. It hasn't gone away. No. So it's not gone away. But what Judge Jones did rule and should be upheld by this Court is the transfer of the FTL option to Desert Oasis Investments, and it's exercised by Desert Oasis That's what I'm asking this Court to rule, that that summary part of the case. Is that going to take care of both appeals, if we hold that? Yes. Well, and obviously that Mr. Gonzales, the first appeal is clear that Mr. Gonzales just doesn't have a lien. I mean, he has a contract claim, and that's all he has. I haven't used up all my time, and I'm willing to sit down unless you have some questions for me. I don't think we have any questions. Thank you. Thank you. The first point I want to make. Well, are you going to each take two minutes? I'm probably going to take more of the four minutes, if the Court will allow it. Okay. Well, if we'll put it at four minutes, and if you don't sit down, that's it. Understood. It's done at four minutes. Because I want to address something very quickly that Mr. Schwarzer said that I think just makes the point, the point as far as we're concerned. He really speaks to the insidious nature of this situation. He admitted that they specifically structured the FLT deal so that it wouldn't trigger this payment of this fee. We disagree that that didn't trigger it, and by the express language of the document. But the point is, it's been more than 10 years since the bankruptcy order was entered. My client has never received the fee. And the way that's the problem we have here, Your Honors. They're holding this fee hostage. There's no interpretation that they ever come up with that would ever trigger this fee. So there's essentially, that's why we believe an equitable lien is an appropriate remedy here. The way they've looked at this case, and Judge Jones, unfortunately, has continued to rule, is there's no way that my client will ever see that money. And so that's one of the real problems we have. With respect to some of the comments related to the equitable lien, Mr. Girard said you can't have an equitable lien when you have a written contract. That's absolutely contradicted by the three different cases we've cited in this court. The reason he's not going to ever see the money is because there's really not enough money to go around? Well, that, Judge, is you hit also one of the key problems here. The whole reason for the transfer fee, and we believe for the subordination, was so they could make these transfers. And by the way, including loans, it's a conveyance of any beneficial interest. So they can keep lending money. Now they're up to 45, $50 million. And they're doing it with impunity. That's why the transfer fee was tied to the property, so that my client would have some sense of security. Otherwise, he'll have a piece of paper, sure. He'll have a piece of paper. I've got a judgment for $10 million that's not worth the paper it's written on. And that is the issue you have to grapple with. That's why it's equity. And I'd like to quote Judge Marler from the Farnsworth case, where he said, in finding an equitable lien, equity treats as done that which ought to have been done. That's the issue before this Court, is the manner in which the defendants or the Respondents are treating this transfer fee appropriate. And is Judge Jones facilitating the inappropriate use of the manipulation of that agreement? The agreement was not subordinated. The fee was not subordinated. The recording of the document gives notice to creditors. That was required by the bankruptcy court. Why give notice? It essentially eviscerates that notice requirement to record this document, and it specifically says to give notice to future creditors. Why do that? If there was nothing tying that transfer fee to the property. The transfer fee is clearly tied to the property, the intent of the parties. And I want to make a couple of quick comments about why we didn't move to amend. Judge Callan, you had a question, wait a minute, what about this motion to amend they mentioned? That was related to the shotgun transfers, that motion to amend. The first motion to amend, the reason we didn't file it is because it might have been something that Judge Schroeder said, well, did they, or I think it was maybe you said, didn't he issue the order right away, the judge did? He did. Not only did he issue the order right away in the first motion on the summary judgment, he granted 54B certification immediately thereafter over our objection. So there was nothing to amend. It was over. So with respect to the discovery and the difference between what happened before and what happens now is we didn't have a rule 26 conference before that motion for summary judgment was granted. We didn't have any chance to do any discovery. So we couldn't have told the judge, and that's the difference in the standard. If you look at the Waterbury case, the Ninth Circuit case, a court cannot grant summary judgment sua sponte without giving some opportunity for a fair and full notice to the nonmoving party. Thank you. All right. Thank you both for your arguments in this matter. It was very helpful. This matter will stand submitted.
judges: Pratt, Schroeder, Callahan